IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| C. RODNEY YODER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 3:04-cv-905-DRH |
| ) | |
| FRED FREDERKING, JR. and ATTORNEY ) | |
| GENERAL OF THE STATE OF ILLINOIS, ) | |
| ) | |
| Respondents. ) | |

**ORDER**

This matter is before the Court on the Motion to Stay Trial Court Proceedings filed by the petitioner, C. Rodney Yoder, on December 19, 2004 (Doc. 2). The motion is **TAKEN UNDER ADVISEMENT**.

### BACKGROUND

The petitioner, C. Rodney Yoder, filed his petition for a writ of habeas corpus on December 9, 2004. This matter was referred to the Magistrate Judge on January 10, 2005. On January 11, 2005, the Clerk mailed a letter to William Bowers, of the Illinois Attorney General, informing him of the petition and providing him with an order directing him to respond within the statutory 23 days. No answer has been filed as of the date of this order. In addition, the orders entered on January 10, 2005 (Doc. 5) and January 13, 2005 (Doc. 7) have been returned as undeliverable to the petitioner at the address he provided, 200 W. Buena Vista, Chester, IL 62233.

Yoder is claiming that he has been charged by information with (but not convicted of) attempted murder, aggravated battery, and possession of a weapon by a felon. (Petition, Doc. 1, at p. 4) The attachments to the petition reveal that while he was imprisoned at the Chester Mental

Health Center, he was involved in an altercation with other inmates on April 26, 2000. (Ex. A to Doc. 1 at p. 2)[1] Based on this altercation, a jury trial was held pursuant to a petition for continued confinement. (Ex. A at p. 3) On December 5, 2002, subsequent to the jury trial, Yoder was ordered to be incarcerated at the Chester Mental Health Center for 180 days. (Ex. A at p. 3) Yoder asserts that in April, 2003, the Randolph County State's Attorney brought criminal charges against him based on the April 26, 2000 incident. (Ex. A. At pp. 4-5). He states that the factual basis of the April, 2003 charges and the factual basis of the December, 2002 adjudication are identical. Thus, he argues, the second charges are in contravention of the Double Jeopardy Clause of the 5th Amendment to the United States Constitution and state law.

Yoder filed a motion to dismiss the information with the Randolph County Circuit Court. That motion was denied and Yoder filed an interlocutory appeal to the Illinois Court of Appeals on September 18, 2003. (Pet. at p. 5) The Illinois Court of Appeals found, in an order filed on July 20, 2004, that the involuntary admission hearing was civil in nature and that jeopardy did not attach in December, 2002 (Ex. A at pp. 19-20) The Appellate Court further held that involuntary admission is not the same as the imposition of a criminal punishment. (Ex. A at pp. 20-21)

After Yoder's petition for a rehearing was denied, on August 12, 2004, he appealed this decision to the Illinois Supreme Court on September 1, 2004. The Illinois Supreme Court denied his petition for leave to appeal on November 24, 2004. People v. Yoder, 824 N.E.2d 290 (table) (Ill. 2004). Yoder filed his petition for a writ of habeas corpus with this Court on December 9,

---

[1] Pages 1-9 of the attachments to document 1 are a "petition for appeal as a matter of right or in the alternative for leave to appeal" filed by Yoder's criminal defense attorney, S. Randolph Kretchmar, in the Illinois Supreme Court. The remaining pages are attachments to that motion and include an Illinois Supreme Court Order filed on August 12, 2004 (pages 15-22).

2004.  Yoder also has filed a motion to stay the state court proceedings until this petition has been resolved.

## DISCUSSION

The failure of the respondents to file an answer, or to otherwise respond, would generally lead to a summary ruling on the petition for a writ of habeas corpus.  This particular case may be complex in terms of this Court's jurisdiction to hear this matter and the factual allegations made in the petition.  Moreover, it may be that this petition is moot as Yoder no longer appears to be incarcerated at the Randolph County Jail.  For these reasons, the Court hereby **ORDERS** the respondents to file an answer or otherwise plead to the petition for a writ of habeas corpus.  In their responsive pleadings, the respondents **SHALL** address:

> 1.  Whether this Court has jurisdiction to consider this habeas petition prior to trial.  The Court specifically refers the respondents to United States, ex rel. Stevens v. Circuit Court of Milwaukee County, Wisconsin, Branch VIII, 675 F.2d 676 (7th Cir. 1982), and Neville v. Cavanagh, 611 F.2d 673 (7th Cir. 1979).
>
> 2.  Whether the state court proceedings should be stayed pursuant to 28 U.S.C. §2251.
>
> 3.  Any other matter the respondents believe should be addressed, including, but not limited to, the petitioner's claim.

The respondents **SHALL** file their response by **August 5, 2005.**

The Clerk is **DIRECTED** to mail a copy of this order to the respondents at the following addresses:

Fred Frederking, Jr.
Randolph County Sheriff
200 W. Buena Vista
Chester, IL 62233

Illinois Attorney General

Springfield Main Office
500 South Second Street
Springfield, IL 62706

Illinois Attorney General
Metro East Illinois Regional Office
201 West Pointe Drive, Suite 7
Belleville, IL 62226

**DATED: July 21, 2005**

                                        **s/ Donald G. Wilkerson**
                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**