IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| C. RODNEY YODER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 3:04-cv-905-DRH |
| | ) | |
| FRED FREDERKING, JR. and ATTORNEY | ) | |
| GENERAL OF THE STATE OF ILLINOIS, | ) | |
| | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Petition for a Writ of Habeas Corpus filed by the petitioner, C. Rodney Yoder, on December 9, 2004 (Doc. 1).  For the reasons set forth below, it is **RECOMMENDED** that the petition be **DENIED**, that this matter be **DISMISSED**, and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

The petitioner, C. Rodney Yoder, filed his petition for a writ of habeas corpus on December 9, 2004.  This matter was referred to the Magistrate Judge on January 10, 2005.  On January 11, 2005, the Clerk mailed a letter to William Bowers, of the Illinois Attorney General, informing him of the petition and providing him with an order directing him to respond within the statutory 23 days.  No answer had been filed.  On July 21, 2005, this Court ordered the defendants to file a response to the petition.  The defendants have since responded.  In addition, the orders entered on January 10, 2005 (Doc. 5) and January 13, 2005 (Doc. 7) have been returned as undeliverable to the petitioner at the address he provided, 200 W. Buena Vista,

Chester, IL 62233.

Yoder is claiming that he has been charged by information with (but not convicted of) attempted murder, aggravated battery, and possession of a weapon by a felon.  (Petition, Doc. 1, at p. 4.)  The attachments to the petition reveal that while he was imprisoned at the Chester Mental Health Center, he was involved in an altercation with other inmates on April 26, 2000. (Ex. A to Doc. 1 at p. 2.)[1]  Based on this altercation, a jury trial was held pursuant to a petition for continued involuntary confinement .  (Ex. A at p. 3.)  On December 5, 2002, subsequent to the jury trial, Yoder was ordered to be incarcerated at the Chester Mental Health Center for 180 days.  (Ex. A at p. 3.)  Yoder asserts that in April, 2003, the Randolph County State's Attorney brought criminal charges against him based on the April 26, 2000 incident.  (Ex. A. At pp. 4-5.) He states that the factual basis of the April, 2003 charges and the factual basis of the December, 2002 conviction are identical.  Thus, he argues, the second charges are in contravention of the Double Jeopardy Clause of the 5th Amendment to the United States Constitution and state law.

Yoder filed a motion to dismiss the information with the Randolph County Circuit Court. That motion was denied and Yoder filed an interlocutory appeal to the Illinois Court of Appeals on September 18, 2003.  (Pet. at p. 5.)  The Illinois Court of Appeals found, in an order filed on July 20, 2004, that the involuntary admission hearing was civil in nature and that jeopardy did not attach in December, 2002 (Ex. A at pp. 19-20) The Appellate Court further held that involuntary admission is not the same as the imposition of a criminal punishment.  (Ex. A at pp.

---

[1] Pages 1-9 of the attachments to document 1 are a "petition for appeal as a matter of right or in the alternative for leave to appeal" filed by Yoder's criminal defense attorney, S. Randolph Kretchmar, in the Illinois Supreme Court.  The remaining pages are attachments to that motion and include an Illinois Supreme Court Order filed on August 12, 2004 (pages 15-22).

20-21.)

After Yoder's petition for a rehearing was denied, on August 12, 2004, he appealed this decision to the Illinois Supreme Court on September 1, 2004. The Illinois Supreme Court denied his petition for leave to appeal on November 24, 2004. People v. Yoder, 824 N.E.2d 290 (table) (Ill. 2004). Yoder filed his petition for a writ of habeas corpus with this Court on December 9, 2004. In both of their responses, the respondents indicate that Yoder no longer is in custody. Frederking also has stated that the charges that form the basis of this petition also have been dismissed upon motion of the State's Attorney on March 14, 2005.

### CONCLUSIONS OF LAW

There are a number of reasons by Yoder's petition must be denied. 28 U.S.C. §2254 first provides:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (emphasis added)

Yoder's petition is not seeking release after the entry of a criminal judgment imposing some criminal confinement or penalty. He is also not challenging the civil involuntary commitment. Rather, he is seeking federal review of the state court's denial of his motion to dismiss pending criminal charges (which he challenged through interlocutory appeals). He is essentially seeking an injunction, or something similar, preventing the state from prosecuting him pursuant to the Double Jeopardy clause. Technically, Yoder cannot assert a claim under §2254 as there is no judgment of a state court. He has not been tried, convicted, or sentenced. See Jacobs v.

McCaughtry, 251 F.3d 596, 597 (7th Cir. 2001) (per curiam) (pretrial detainee challenging

custody based on the double jeopardy clause is properly filed under §2241 and not §2254)

      In addition, the Illinois Attorney General is not the proper respondent.  The habeas

statutes are designed to be directed to the person who has day-to-day control over a petitioner.

28 U.S.C. §2243.  Robledo-Gonzales v. Ashcroft, 342 F.3d 667, 672-673 (7th Cir. 2003); Hogan

v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996).  This person is not the Attorney General but rather the

warden of the prison in which Yoder was housed.

      Finally, Yoder cannot seek redress under 28 U.S.C. §2241, as he no longer is in custody.

There has been no showing that he is facing collateral consequences of being in custody such

that this petition should continue notwithstanding his release.  Yoder is not currently on any

pretrial release or parole on the charges underlying this claim, Phifer v. Clark, 115 F.3d 496, 500

(7th Cir. 1997), nor is he challenging an enhancement of any sentence due to this arrest and

incarceration, Martin v. Deuth, 298 F.3d 669, 671 (7th Cir. 2002), nor has Yoder amended his

petition to indicate to the Court that he is facing any other collateral consequence.  See

McClendon v. Trigg, 79 F.3d 557, 558-559 (7th Cir. 1996).  As such, this petition should be

dismissed in its entirety.

      For the reasons set forth above, it is **RECOMMENDED** that the Petition for a Writ of

Habeas Corpus filed by the petitioner, C. Rodney Yoder, on December 9, 2004 be **DENIED**

(Doc. 1), that this matter be **DISMISSED,** and that the Court adopt the foregoing findings of fact

and conclusions of law.

      Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10)

days after service of this Recommendation to file written objections thereto.  The failure to file a

4

timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  <u>Snyder v. Nolen</u>, 380 F.3d 279, 284 (7th Cir. 2004); <u>United States v. Hernandez-Rivas</u>, 348 F.3d 595, 598 (7th Cir. 2003).


**DATED: August 16, 2005**

<u>**s/ Donald G. Wilkerson**</u>
**DONALD G. WILKERSON**
**United States Magistrate Judge**
