IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**C. RODNEY YODER,**

**Petitioner,,**

**vs.**

**FRED FREDERKING, JR. AND ATTORNEY
GENERAL OF THE STATE OF ILLINOIS,**

**Respondents.**                                                   **No. 04-CV-905-DRH**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

On December 9, 2004, Petitioner C. Rodney Yoder, filed a writ of habeas corpus challenging charges brought against him in April, 2003 by the Randolph County State's Attorney. (Doc. 1.) Specifically, Plaintiff claims that because the April, 2003 charges (for attempted murder, aggravated battery, and possession of a weapon by a felon) arise out of the same incident that gave rise to his previous 180-day confinement at the Chester Mental Health Center, they violate the Fifth Amendment's Double Jeopardy Clause, the Illinois Constitution, and Illinois statutory law. (Doc. 1, p. 4 ; Ex. A, pp.1-6.)

This matter comes before the Court on a Report and Recommendation ("the Report") filed by U.S. Magistrate Judge Donald G. Wilkerson on August 16, 2005, pursuant to **28 U.S.C. § 636(b)(1)(B)**. (Doc. 17.) Magistrate Judge Wilkerson's Report recommends that Mr. Yoder's Petition be denied and that this

matter be dismissed.

Under **Rule 73.1** of the Local Rules of the Southern District of Illinois, the parties had ten days in which to serve and file written objections to the Report. As of this date, no objections have been filed. The ten-day period in which parties may file objections has expired. Therefore, pursuant to **28 U.S.C. § 636(b)**, this Court need not conduct *de novo* review. ***Thomas v. Arn*, 474 U.S. 140, 149-52 (1985)**.

Accordingly, the Court **ADOPTS** the Report. (Doc. 17.) Mr. Yoder's Petition for a Writ of Habeas Corpus is **DENIED** and **DISMISSED with prejudice**. (Doc. 1.)

**IT IS SO ORDERED.**

Signed this 30th day of September, 2005.

/s/            David RHerndon

**United States District Judge**